**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **STEPHEN R. JONES, individually and On behalf of all other similarly situated Individuals**<br>　　**Plaintiff**<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION**<br>　　**Defendant** | :<br>:<br>:　**CIVIL ACTION NO.**<br>:<br>:<br>:<br>:<br>:<br>:<br>:　**MAY 1, 2023** |

**CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

1.   Employers considering job applicants must send the applicant a copy of any consumer report obtained before denying them employment and give them time to contest any information therein. Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681b(b)(3)(A)(i); *Brown v. Lowes Companies, Inc.*, 52 F.Supp.3d 749 (W.D.N.C. 2014). This law protects employees from false reports by giving them a chance to correct any inaccurate or misleading information before losing their job opportunity. Employers who violate this law can be held liable for actual damages, statutory damages, punitive damages, attorney fees and costs.

2.   Here, Defendant COSTCO Wholesale Corporation, hired First Advantage Background Services, Inc. to perform a criminal background check on Plaintiff Stephen R. Jones during his application process. The criminal background report falsely attributed to Plaintiff a conviction for drug trafficking that belonged to a different Stephen Jones. Defendant did not give Plaintiff a copy of the report as required before rejecting his application. Instead, Defendant, consistent with its procedures, summarily withdrew its offer based upon the false report.

3. As a result of Defendant's willful violation of the FCRA, Plaintiff Stephen R. Jones and other similarly situated applicants lost their job opportunities and suffered harm.

## II. LEGAL PRINCIPLES

4. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

5. Background-check screening accuracy is crucial to the U.S. labor market. According to a 2018 survey, 95% of employers conduct one or more types of background screening; and 94% of those include some form of criminal history check.[1]

6. An inaccurate or misleading criminal history report can derail job offers, leaving job-seekers unemployed for significant periods of time. *See Williams v. First Advantage LNS Screening Solutions, Inc.*, 238 F. Supp. 3d 1333, 1341--42 (N.D. Fla. 2017), *aff'd in part*, 947 F.3d 735 (inaccurate First Advantage background check reports caused plaintiff to lose two job offers, leaving him unemployed for several months).

7. Employers play an important role in protecting employees and job applicants from the harm that inaccurate background checks can cause by following the FCRA's requirements to share all background reports received with those applicants before relying on those reports to take adverse action. ("[I]n using a consumer report for employment purposes, ***before*** taking any adverse action based in whole or in part on the report, the person intending to

---

[1] *See* Consumer Financial Protection Bureau, Market Snapshot: Background Screening Reports. Criminal Background Checks in Employment (October 2019). Available at https://files.consumerfinance.gov/f/documents/201909_cfpb_marketsnapshot-background-screening_report.pdf.

take such adverse action shall provide to the consumer to whom the report relates – a copy of the report." 15 U.S.C. Sec. 1681b(b)(3)(A)(i) (emphasis added)).

8. The FRCA definition of "adverse action" includes a "denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii). An adverse decision occurs whenever "the decision is carried out, ... is communicated or actually takes effect." *Burghy v. Dayton Racquet Club, Inc.,* 695 F.Supp.2d 689, 703 (S.D. Ohio 2010).

9. Courts hold that employers must provide their job applicants "a sufficient amount of time before [the employer] takes adverse action so that the consumer may rectify any inaccuracies in the report." *Brown, supra* (citing *Williams v. Telespectrum*, 2006 WL 7067107 (E.D.Va. Nov. 7, 2006)); *see also Kelchner v. Sycamore Manor Health Ctr.,* 305 F. Supp. 2d 429, 435–36 (M.D. Pa. 2004), *aff'd,* 135 F. App'x 499 (3d Cir. 2005) ("The employer must also provide the consumer with a reasonable period to respond to any information in the report that the consumer disputes and with written notice and the opportunity and time period to respond.").

10. Employers that willfully fail to comply with the FCRA are liable for actual damages, including but not limited to economic harm, reputational harm, emotional distress, punitive damages, and legal fees and costs. 15 U.S.C.A. § 1681n-o.

### III. JURISDICTION AND VENUE

11. The Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 since this is an action under a federal statute.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred here in Connecticut.

## IV. PARTIES

13. COSTCO Wholesale Corporation. ("COSTCO") is a corporation organized under the laws of the State of Washington and is based in Issaquah, Washington. Defendant owns and operates a nationwide chain of wholesale discount stores including a location in South Windsor, Connecticut.

14. Stephen R. Jones is a Canadian national residing in Windsor Locks, Connecticut.

## V. FACTS

15. Defendant COSTCO is a company based in Washington State which operates an international chain of membership warehouses that sell merchandise at substantially lower prices than are typically found at other bulk wholesalers. COSTCO employs 203,000 full and part-time workers across the U.S. It is publicly traded on the NASDAQ stock exchange, and its annual revenues were $222.7 billion for FY22 (ending 8/28/22).

16. As part of their hiring procedures, COSTCO hires CRAs like First Advantage Background Services, Inc. ("First Advantage") to conduct criminal background checks on their prospective hires.

17. On or about October 10, 2021, Plaintiff appeared in person at a job hiring event Defendant held in South Windsor, Connecticut and applied for a position as a forklift operator.

18. Defendant offered Plaintiff the position contingent on a successful criminal background check.

19. On or about October 10, 2021, Defendant, through its employee Julie Martin, ordered a criminal background check on Plaintiff from First Advantage.

20. On or about October 12, 2021, First Advantage sent Defendant the criminal background report it ordered for Plaintiff.

21. That report falsely attributed to Plaintiff a conviction belonging to Stephen Wayne Jones for conspiracy to distribute heroin and cocaine in July 2019. The report also indicated that Stephen Wayne Jones (without the middle initial "R") was sentenced to serve 60 months in prison:

| Federal Criminal WINDSOR LOCKS, HARTFORD, CT | | Status: Complete |
|---|---|---|
| Date Completed: 11/Oct/2021 | | Score: Decisional** |
| Record Source | US DISTRICT COURT OF CONNECTICUT | |
| Search Results | Record Found | |
| Search Type | FEDERAL FELONY & MISDEMEANOR SEARCH | |
| Date of Search | 11/Oct/2021 | |
| Search Period | 09/26/2014 - 09/24/2021 | |
| Address Covered | 22 LESLIE STREET | |
| Address City Covered | WINDSOR LOCKS | |
| Address County Covered | HARTFORD | |
| Address State Covered | CT | |
| Address Zip | 06096 | |
| Location | 450 MAIN STREET HARTFORD HARTFORD COUNTY | |
| Given Name Searched | STEPHEN R JONES | |
| Case Reference # | 3:18-CR-00081-SRU-15 | |
| Case Date | 19/Apr/2018 | |
| Name on File | STEPHEN JONES | |
| Address on File | 22 LESLIE STREET, WINDSOR LOCKS, CT | |
| Charge | CONSPIRACY TO POSSESS AND DISTRIBUTE HEROIN AND COCAINE | |
| Charge Type | FELONY | |
| Disposition | GUILTY | |
| Disposition Date | 09/Jul/2019 | |
| Sentence | SUBSTANCE ABUSE PROGRAM LENGTH NOT STATED; SUPERVISED RELEASE 4 YEARS; IMPRISONMENT 60 MONTHS; ASSESSMENT 100; MENTAL HEALTH TREATMENT LENGTH NOT STATED | |
| Source Status History | | |
| Status Date | Description | |
| 10/Oct/2021 09:41:55 AM | Search in progress. Estimated completion by 10/13/2021 | |
| Order Process History | | |
| Date | Description | |
| 10/Oct/2021 09:41:33 AM | Search In Progress. | |
| 10/Oct/2021 09:41:36 AM | Search In Progress | |

22. Plaintiff Stephen R. Jones, who appeared in person for the October 2021 job interview, was obviously not incarcerated (and was unlikely to be the same Stephen Jones convicted of conspiracy to distribute drugs and sentenced to five years in 2019).

23. The report indicated in its summary section that Plaintiff was scored as "ineligible."

5

24. In the same section it indicated that a federal criminal search had scored as "Decisional**".

25. First Advantage indicated in its report that "Decisional**" means "**Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information."

26. In late October 2021, Defendant sent Plaintiff a letter stating that he was not eligible for employment based on the contents of his criminal background check.

27. Despite the fact that the report indicated that Mr. Jones was still in jail and that further review was required—in conscious disregard of these facts and their obligations under the FCRA—Defendant Costco withdrew its previous offer to Mr. Jones based upon First Advantage's report without first sending the report to Mr. Jones for clarification and input.

28. Defendant did not send Plaintiff a copy of the background check before sending the letter informing him that it was not hiring him based on the contents of his criminal background check.

29. Defendant's conduct in not sending the report to Jones was consistent with its standard operating procedures, causing harm to Jones and the class as defined below.

30. At all times, Defendant was fully aware of its obligations under the FCRA to send Plaintiff a copy of his background report before taking any adverse action against him based "in whole or in part" on the contents of that report.

31. Defendant was also on notice that the Stephen Jones listed as an incarcerated convict in the criminal background report, was likely not Plaintiff Stephen R. Jones who appeared in person for his job interview in October 2021.

32. Accordingly, Defendant's conduct in withdrawing its job offer to Plaintiff was willful and in conscious disregard of Plaintiff's rights under the FCRA.

33. As a result of Defendant's willful violation of the FCRA, Plaintiff and the class have suffered damages.

## VI.   CLASS ALLEGATIONS

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf a class of similarly situated individuals as defined below:

> All applicants for employment who had their applications with Costco in the United States during the last two years prior to the filing of this complaint to the date of final judgment herein who received an employment offer contingent on a background check and about whom Costco decided to withdraw the offer based upon receipt of the background report from a credit reporting agency without first providing a copy of the report to the applicant.

35. Class certification of the "15 U.S.C. Sec. 1681b(b)(3)(A) Class" is appropriate under Rule 23 of the Federal Rules of Civil Procedure.

36. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds of individuals for whom Costco failed to provide a copy of a background report prior to taking adverse action against them.

37. There are questions of law and fact common to the class, including whether Defendant failed to provide a copy of a background report to the class prior to taking adverse action against them.

38. The claims of Plaintiff are typical of those of the class members. The claims of the Plaintiff encompass the challenged practices and course of conduct of Defendant. Furthermore, the claims of Plaintiff are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the FCRA apply equally to Plaintiff and the class.

39. Plaintiff will fairly and adequately protect the interests of the class. The claims of the Plaintiff are not antagonistic to those of the putative class, and he hired counsel skilled in the prosecution of class actions.

40. Common questions of law and fact predominate over questions affecting only individuals.

41. This proposed class action is the superior method of adjudications because it presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

### VII. COUNT ONE: STEPHEN R. JONES AND THE CLASS: VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. Sec. 1681b(b) (WILLFUL VIOLATION of the FCRA)

42. Defendant willfully violated 15 U.S.C. Sec. 1681b(b) by failing to provide Plaintiff and the class with a copy of their background check reports containing adverse information before taking the adverse action against them when it knew that it had a legal obligation to do so and it knew that its failure to do so would violate Plaintiff and the class's rights and cause them harm.

43. As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff and the class have suffered damages including statutory damages, punitive damages, and attorney fees and costs.

## VIII. DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Certification of this action as a class action pursuant to Rule 23 of the F.R.C.P.

2. Designating Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

3. Statutory damages of $100-$1,000 per class member under 15 U.S.C. § 1681n;

4. Punitive damages under 15 U.S.C. § 1681n;

5. Attorney fees and costs under 15 U.S.C. § 1681n;

6. A jury for all claims which may be tried to a jury; and

7. Any and all other relief as the court deems just and proper.

PLAINTIFF, STEPHEN R. JONES

By: 
Richard Hayber, Esq. ct11629
Michael Petela, Esq. ct28251
Thomas Durkin, Esq. ct30371
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Ste 904
Hartford, CT 06103
Phone: (203) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
mpetela@hayberlawfirm.com
tdurkin@hayberlawfirm.com
Attorneys for Plaintiff